IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TERRENCE PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:23-cv-00365-MDH |
| ) | |
| UNIVERSITY OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim. Plaintiff, who remains *pro se*, responded and Defendant replied. This Court has considered all briefing. For reasons herein, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This dispute arises from various incidents that occurred on the University of Missouri-Columbia ("Mizzou") campus from, roughly, 2016 until 2018. According to the Complaint, Plaintiff played basketball for Mizzou from 2015 until he was removed from the team in "late 2017." (Doc. 5 at 11). Plaintiff's removal followed multiple allegations of sexual misconduct from at least five women. In October 2016, Mizzou received its first Title IX complaint against Plaintiff. (Doc. 5 at 12). The next month, Plaintiff had an informal meeting regarding the misconduct complaint with Mizzou's Title IX office. (Doc. 5 at 14). Mizzou's Title IX office initiated a formal investigation into misconduct alleged by three separate people and gave Plaintiff notice of this investigation January 26, 2018. (Doc. 5 at 17). Plaintiff received notice January 31, 2018 of a

1

second formal investigation from the Title IX office, pertaining to allegations from two additional individuals. (Doc. 5 at 18).

Plaintiff appears to have participated in at least two formal Title IX hearings regarding the allegations. The Complaint does not offer a clear and detailed picture of when these hearings occurred, contending merely that one hearing occurred during "late May 2018" and another during "June 2018." (Doc. 5 at 21, 22). Plaintiff's response in opposition argues that the Title IX panels issued their final adjudication orders during "June 2018" and on July 12, 2018. The panels responsible for conducting these hearings appear to have found Plaintiff guilty of some of the allegations, and not guilty of others. The Complaint lacks any allegation indicating Plaintiff was expelled from Mizzou as part of the disposition of the Title IX hearings. On May 31, 2023, Plaintiff filed his instant Complaint alleging anti-male bias in Mizzou's handling of the various misconduct allegations brought against Plaintiff. Plaintiff brings his claims under 20 U.S.C. § 1681 ("Title IX") and 42 U.S.C. § 1983. Plaintiff names as a defendant in this matter only the University of Missouri.

**STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court ordinarily will not consider materials outside of the pleadings, but "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotation marks and citation omitted).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in

2

the complaint and draw all reasonable inferences in favor of the nonmoving party, . . . but [is] not bound to accept as true threadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quotation marks and citations omitted).

**DISCUSSION**

I. **Statute of Limitations**

Defendant argues that the applicable statute of limitations bars both Plaintiff's Title IX and § 1983 claims. The parties agree, as does this Court, that the relevant statute of limitations for both Plaintiff's claims is five years. *See Walker v. Barrett*, 650 F.3d 1198, 1205-06 (8th Cir. 2011) (five-year statute of limitations for Title IX and § 1983 claims in Missouri). The parties, however, disagree as to when the clock started ticking. Plaintiff contends the time began only once the Title IX panels entered their final adjudication orders on the misconduct claims, sometime in June and July 2018. According to Plaintiff's timeline, the present Complaint is timely because it was filed May 31, 2023, less than five years after the final adjudication of the first Title IX complaint. Defendant, on the other hand, contends the clock started ticking the moment Plaintiff could have reasonably discovered the complained-of injury.

The Eighth Circuit has found that the statute of limitations for Title IX and §1983 allegations are determined by the five-year period identified by RSMO § 516.120.4, which begins to accrue when injury is "objectively capable of ascertainment." *Walker v. Barrett*, 650 F.3d 1198, 1204 (8th Cir. 2011) (internal citations omitted). Or, put differently, "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." *Id*.

3

Plaintiff's Complaint seems to assert Plaintiff perceived anti-male bias before issuance of any final adjudication of the various formal misconduct allegations. Plaintiff argues that anti-male bias existed "throughout the Title IX process," not simply in the outcome of the hearing. (Doc. 5 at 23). Plaintiff's Complaint specifically alleges anti-male bias led to mishandling of various portions of the Title IX process including: 1) evidentiary burdens during the Title IX hearing; 2) notice related to the 2016 misconduct allegations; and 3) Mizzou's failure to keep Title IX proceedings confidential during pendency of the investigations Plaintiff learned of in January 2018. Based on the timeline described in the Complaint, these specific acts all occurred before May 31, 2018. The only events to occur after May 31, 2018, appear to be issuance of the final adjudication orders following the Title IX hearings. Moreover, arguably Plaintiff's most significant injury, removal from the basketball team, occurred in "late 2017." (Doc. 5 at 16). What the Complaint makes plain, though, is that many of the complained-of acts allegedly occurred prior to May 31, 2018.

Complicating matters, however, is the possible application of the continuing wrong doctrine. Under this doctrine, "each continuation or repetition of the wrongful conduct may be regarded as a separate cause of action for which suit must be brought within the period beginning with the occurrence." *City of Carthage, Missouri v. Union Pac. R.R. Co.*, 61 F.4th 565, 569–70 (8th Cir. 2023) (internal citations omitted). Application of the doctrine is the exception rather than the rule in Missouri courts. *Butler v. Mitchell-Hugeback, Inc.*, 895 S.W.2d 15, 19 (Mo. 1995). In determining whether the doctrine applies, courts consider whether the defendant engaged in affirmative acts during the limitations period alleged to have caused harm. *See City of Carthage, Missouri v. Union Pac. R.R. Co.*, 61 F.4th 565, 571 (8th Cir. 2023) ("Almost all the Missouri court of appeals opinions…apply the continuing wrong rule when the defendant engages in ongoing

4

affirmative acts that harm the plaintiff"). Put differently, if a defendant has not engaged in ongoing affirmative acts, a plaintiff has not suffered a "fresh injury" and the doctrine will not apply. *Id*.

Here, Plaintiff has alleged sufficient facts for this Court to apply the continuing wrong doctrine, at least at the 12(b)(6) stage. Though the bulk of the specific acts Plaintiff alleges plainly occurred more than five years before Plaintiff filed his Complaint, the Complaint also makes clear that final dispositions in each Title IX hearing, an indispensable part of the overall Title IX process, were not issued until "June 2018" and "July 12, 2018," indicating the applicable statute of limitations did not expire until June 2023 and July 12, 2023, respectively. The combination of allegedly harmful, affirmative acts both inside and outside the limitations period, support application of the continuing wrong doctrine in the present matter. Accordingly, this Court finds that the continuing wrong doctrine applies in the present matter and Plaintiff's Title IX and § 1983 claims are not barred by the applicable statute of limitations, at least at the 12(b)(6) stage.

## II.     Eleventh Amendment Immunity

It is settled that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). It is also settled that the Eleventh Amendment ensures a state may be sued only when consent for such lawsuits has been "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Eleventh Amendment immunity applies to all suits against state or state instrumentalities, whether in law or in equity, for damages or for any other relief. *Cory v. White*, 457 U.S. 85 (1982); *see also Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007) (holding that the Eleventh Amendment bars suits against a state university "for any kind of relief, not merely money damages"). This Court, after considering the

5

Case 2:23-cv-00365-MDH    Document 18    Filed 11/20/23    Page 5 of 6

University of Missouri's autonomy and whether judgment would be paid from state funds, previously held that the University is an arm of the state and afforded the protection of the Eleventh Amendment. *See Sherman v. Curators of the University of Missouri,* 871 F. Supp. 344 (W.D. Mo. 1994) (holding that the University of Missouri is an alter ego or instrumentality of the State). Accordingly, this Court finds that the Eleventh Amendment bars Plaintiff's § 1983 claim against the University, as there is no indication Missouri has unequivocally waived immunity from such suits.[1]

On the other hand, it is well settled that Missouri's Eleventh Amendment immunity does not bar Plaintiff's Title IX claim against Defendant. *See Crawford v. Davis*, 109 F.3d 1281, 1283 (8th Cir. 1997) (Congress unequivocally waived states' Eleventh Immunity pertaining to Title IX claims and had the authority to do so). Accordingly, Plaintiff's § 1983 claim against Defendant is dismissed with prejudice. Plaintiff's Title IX claim, however, is not dismissed.

## CONCLUSION

For foregoing reasons, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's § 1983 claim is **DISMISSED** with prejudice, but Plaintiff's Title IX claim remains.

**IT IS SO ORDERED**.

DATED: November 20, 2023    */s/ Douglas Harpool*
　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[1] Because the Eleventh Amendment bars Plaintiff's § 1983 claim against Defendant, this Court declines to consider whether, as Defendant argues, Defendant is a "person" for purposes of § 1983.